UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
: 
OLIN CLAY, ET AL., : CASE NO. 5:04-CV-1262
:
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 111]
UNITED PARCEL SERVICE, INC., :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pursuant to Rules 21 and 42(b) of the Federal Rules of Civil Procedure, Defendant United Parcel Service, Inc. ("UPS") moves this Court to sever the claims of the Plaintiffs and to order separate trials. [Doc. 111.] Plaintiffs oppose the motion. [Doc. 116.] For the following reasons, this Court **GRANTS** Defendant's motion to sever claims and orders separate trials for Plaintiffs Olin Clay, Marie Moss, and Marcus Miller.

I. Background

On July 6, 2004, Plaintiffs filed the instant lawsuit against their employer, UPS, alleging race discrimination, hostile work environment, and retaliation claims under both state and federal law. [Doc. 1.] On June 30, 2005, the Court granted summary judgment in favor of the Defendant as to Plaintiff Miller's claims and Plaintiff Clay's claims. [Docs. 83, 84.] The Court also granted

Case No. 5:04-CV-1262
Gwin, J.

summary judgment in Defendant's favor on Plaintiff Moss's hostile work environment claim, but denied summary judgment as to Moss's disparate treatment claim relating to her transfer to the Wadsworth location as a pre-load clerk. *Id.* Defendant had previously filed a motion to sever claims and bifurcate the Plaintiffs' trials, but after granting summary judgment, the Court denied the motion as moot. [Doc. 85.]  Plaintiffs moved the Court to reconsider its summary judgment decision, but the Court denied the motion.  [Doc. 104.]  Plaintiffs appealed the case to the Sixth Circuit Court of Appeals, which issued its judgment on August 31, 2007. [Doc. 108.]

In its decision, the Sixth Circuit affirmed this Court's grant of summary judgment with respect to Plaintiff Moss's hostile work environment claim, Plaintiff Moss's disparate treatment claim insofar as it relates to the Akron position, and Plaintiff Miller's retaliation claim.  *Id.*  The Sixth Circuit reversed this Court, however, and found that genuine issues of material fact exist, on Plaintiff Moss's disparate treatment claim relating to the Middleburg Heights position, Plaintiff Clay's disparate treatment claim based on failure to train, Plaintiff Clay's retaliation claim, and Plaintiff Miller's disparate treatment claim.  *Id.*  The Sixth Circuit remanded the case for further proceedings consistent with this opinion.

Defendant UPS has now filed a motion to sever Plaintiffs' claims and separate their trials. [Doc. 111.]  Defendant argues that severance of the claims is necessary to avoid confusing the jury and unduly prejudicing the Defendant at trial.  *Id.*  Defendant argues that Plaintiffs' claims were improperly joined under Rule 20(a) of the Federal Rules of Civil Procedure, but that even if the claims were properly joined, Defendant is entitled to separate trials under Fed. R. Civ. P. Rule 42(a).

Plaintiffs oppose the Defendant's motion. [Doc. 116.]  They argue that the case has been

-2-

Case No. 5:04-CV-1262
Gwin, J.

ongoing for several years in this consolidated format and that a single trial to dispose of all remaining claims will best conserve judicial resources. Plaintiffs argue that there is sufficient overlap of testimony and legal analysis to justify one trial on all of the Plaintiffs' claims. This Court disagrees.

## II. Discussion

Rule 42(b) of the Federal Rules of Civil Procedure provides that a court may order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. . . " Only one of these criteria need be met to justify separation. *Saxion v. Titan-C Manu.*, 86 F.3d 553, 556 (6th Cir. 1996). The decision to order separate trials lies within the sound discretion of the district court. *Id.* The Sixth Circuit recently instructed that "[i]n determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan,* 477 F.3d 326, 339 (6th Cir. 2007) (citing *Martin v. Heideman,* 106 F.3d 1308, 1311 (6th Cir. 1997)).

In this case, the Court finds that separate trials for each of the three Plaintiffs will best reduce the risk of confusion for the jury. Plaintiffs have not alleged that Defendant UPS engaged in a pattern or routine practice of race discrimination; rather, each Plaintiff raises individual claims of disparate treatment based on race. The claims, therefore, can be easily separated and evaluated by a jury. Additionally, while Plaintiffs' claims are similar in nature, the facts of each case differ significantly. Plaintiffs' claims arise out of events that occurred during their employment at different UPS branch locations, where they engaged in dissimilar types of work under a variety of

Case No. 5:04-CV-1262
Gwin, J.

supervisors. Defendant's alleged misconduct involved discrete incidents that were witnessed by largely separate sets of witnesses and spanned different time periods.

The Court finds, therefore, that if Plaintiffs' claims were presented in a consolidated format, jurors could be easily confused by the different factual backgrounds and legal claims posed by each Plaintiff. While the Court will entertain a motion to reconsider filed by the Plaintiffs, this Court presently finds that the interests of justice are best advanced by conducting three separate trials in this matter.

### III. Conclusion

For the above reasons, this Court, in its discretion, **GRANTS** Defendant's motion to sever Plaintiffs' claims and orders separate trials for Plaintiffs Olin Clay, Marie Moss, and Marcus Miller.

IT IS SO ORDERED.


Dated: October 24, 2007                s/     *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE